IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CLVR RIVERBEND, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO.: 4:19-cv-4366 |
| v. § | |
| § | |
| **UNIVERSAL NORTH AMERICAN** § | |
| **INSURANCE CO. / HOWARD** § | |
| **WAGNOR,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Universal North America Insurance Company (hereafter referred to as "Universal"), improperly named as "Universal North American Insurance Co.," a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury.[3] An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule LR81 is attached as **Exhibit A**.

As discussed herein, Plaintiff's lawsuit may only be addressed in this federal court, because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. §4013(a). Universal, therefore, files this Notice of Removal removing this matter from the

---

[1] 44 C.F.R. §62.23(f).
[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).
[3] *Grissom v. Liberty Mu. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

Justice Court of Wharton County, Texas to the docket of this Honorable Court and would respectfully show as follows:

## I.

1.   On September 6, 2019, Plaintiff, CLVR Riverbend, LLC filed a lawsuit entitled "*CLVR Riverbend, LLC v. Universal North American Insurance Company / Howard Wagnor*" in the Justice Court of Wharton County, Texas, bearing Docket No. SC1927.  *See* **Exhibit B** (a copy of Plaintiff's lawsuit and all pleadings served on Universal to date).

2.   Universal hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2), arts. VII(R), IX; 28 U.S.C. §§ 1331, 1337, 1367, 1441(c).

## II.

**A.   REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

3.   Plaintiff is the owner of the property located at 2500 Junior College Blvd. Wharton, Texas 77488, and had an insurance policy issued by Universal insuring the above property.  This policy of insurance is evidenced by the Flood Policy Declarations, attached as **Exhibit C**.

4.   In its Small Claims Petition, Plaintiff alleges that Universal denied coverage for flood damages.

5.   Plaintiff seeks damages totaling $ 7,255.32.

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

6.   Congress underwrites all operations of the NFIP through the U.S. Treasury, which includes appropriations for both the adjustment of claims and the payment of those claims.

Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

7. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the SFIP codified at 44 C.F.R. Pt. 61, App. A(2).

8. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Universal to aid it in its statutory duty to administer the National Flood Insurance Program. *Id.*; *see also* 42 U.S.C. § 4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

9. Universal, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(2), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[4] The flood policy referenced is a General Property Form SFIP codified and found at 44 C.F.R. Pt. 61, App. A(2), a copy of which is attached as **Exhibit D**.

10. Universal cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A(2), Art. VII(D).

11. The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury and would be binding upon the federal government. *See Gowland.*, 143 F.3d at 953. Further, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom*, 678 F.3d at 402.

---

[4] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

12. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

*See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978)..

13. Based upon the foregoing, it is clear that the NFIP, the SFIP and WYO Program carriers participating in the NFIP, such as Universal, are all governed by federal law, not state law.

C. **FEDERAL JURISDICTION**

(1) **42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

14. 42 U.S.C. § 4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP.  This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

(2). **28 U.S.C. §1331 – Federal Question Jurisdiction**

15. Universal contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(2) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal

common law." 44 C.F.R. Pt. 61, App. A(2), art IX; (**Exhibit D**).  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. *See Constr. Funding, LLC v. Fidelity Nat'l Indem. Ins. Co.*, 636 F. App'x 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

16. In order to determine what, if any, U.S. Treasury benefits Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA Flood Manual governing the SFIP, including renewals of SFIPs.  Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP—a federal regulation.  Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA—the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

17. Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a), (b) and (c), Universal asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

    **(3). Federal Jurisdiction under 28 U.S.C. § 1337**

18. Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under

any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004). Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleadings. *See Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

19. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

### E. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

20. Universal notes that its first knowledge or notice of the suit was on or about October 21, 2019. This Notice of Removal was filed on November 11, 2019. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

21. The insured property is located at 2500 Junior College Blvd., Wharton, Texas 77488. *See* **Exhibit C**. Thus, venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44

-7-

C.F.R. Pt. 61, App. A(2), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

22. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Universal to date.

## CONCLUSION

WHEREFORE, Defendant, Universal North American Insurance Company, prays that this Notice of Removal be deemed good and sufficient, and that this matter be accepted onto this Court's docket.

Dated: November 6, 2019.  Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
 Douglas D. D'Arche
 State Bar No. 00793582
 Bradley K. Jones
 State Bar No. 24060041
 Ryan A. Walton
 State Bar No. 24105086
 811 Main St., Suite 1100
 Houston, Texas 77002
 Telephone: (713) 751-1600
 Facsimile: (713) 751-1717
 Email: ddarche@bakerlaw.com;
 bkjones@bakerlaw.com;
 rwalton@bakerlaw.com

And

**NIELSEN & TREAS, LLC**
Iliaura Hands Esq.,
USDC SDTX #968480
TX State Bar #24033597
Kim Tran Britt
TX Fed. Bar #594865
Louisiana State Bar #24896
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: ihands@nt-lawfirm.com
Email: kbritt@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, UNIVERSAL NORTH AMERICA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 6th day of November, 2019, a copy of the foregoing was served upon all parties or counsel of record via registered email and certified mail, return receipt requested.

Sean Gnekow
2500 Jr. College Blvd.
Wharton, Texas 77488
209-351-4924
sgnekow@gmail.com

                                                         */s/Bradley K. Jones*
                                                         Bradley K. Jones